# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1902.

## Russ *v.* The State.

### *Indictment for Gaming.*

1. *Indictment for gaming; what necessary to authorize conviction; charge to the jury.*—Where a defendant is prosecuted under a complaint or indictment charging that "he unlawfully engaged in gaming on Sunday," etc., and it is shown that the game at which the betting was alleged was with cards, to authorize a conviction, betting must be proved beyond a reasonable doubt as well as the card playing; and, therefore, in such a case it is error for the court to instruct the jury that "if they find from the evidence beyond a reasonable doubt that the defendant played cards on Sunday and that it was in this county and within twelve months before the commencement of this prosecution," then they must find the defendant guilty.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. T. L. BOROM.

The appellant in this case, Will Russ, was convicted for gaming on Sunday. The facts of the case necessary to the understanding of the decision on the present appeal are sufficiently stated in the opinion.

FOSTER, SAMFORD & CARROLL, for appellant.—A wrongful act and a wrongful intent must concur to constitute a crime.—*White v. State,* 44 Ala. 409; *Rosebury v. State,* 50 Ala. 160; *Gordon v. State,* 52 Ala. 308; *Adler v. State,* 55 Ala. 16; *Denis v. State,* 68 Ala. 58. It was not shown in this case that the defendant knew he was gaming on Sunday.

[Russ v. The State.]

MASSEY WILSON, ¹ATTORNEY-GENERAL, for the State.
Webster's Dictionary, *word game;* *Gandy v. State,* 81
Ala. 68; *Johnson v. State,* 105 Ala. 113; Code, § 4620;
*Eubanks v. State,* 5 Mo. 450; *State v. Taylor,* 111 N. C.
16; A. & E. Ency. Law (2d Ed.), 682, note 4, and page
684, note 3.

McCLELLAN, C. J.—The complaint charges that the
defendant "unlawfully engaged in gaming on Sunday,"
etc. The evidence was free from all conflict and affirma-
tive and positive that the defendant on a certain Satur-
day night played a game of cards, that defendant bet on
said game and that it was a game which could not be
played without betting. The only conflict in the evidence
was as to the time of this gaming; the evidence for the
State going to show that though commenced before 12
o'clock that night it was continued beyond that hour and
several minutes into Sunday morning when the defend-
ant and those playing and betting with him were sur-
prised and arrested by police officers, while the evidence
for the defense went to show that the players were ar-
rested and the game broken up a few minutes before the
hour of twelve. So that the court might well have
charged the jury that if they believed the whole evidence
as to the playing and betting beyond a reasonable doubt,
and believed further beyond a reasonable doubt that the
gaming occurred after midnight they should find the de-
fendant guilty. This is putting the case in the most fa-
vorable possible light for the State. The jury were not
bound to believe any part of the evidence. They might
have believed that a game was played but that it was a
game which could be played without gambling upon it,
and they might have had a reasonable doubt that defend-
ant did gamble on it. Gaming and not card playing was
the offense charged. To establish it, the betting had to be
proved beyond a reasonable doubt, as well as the card
playing when a betting on a game of cards is relied on.
It should have been left open to the jury to find the truth
as to the betting dissociated with their finding as to the
card playing. This was not done in the charge of the
court, but the contrary. The jury were required to con-
vict on the card playing whether there was any betting

[Sherrill v. The State.]

or not.   A part of the court's oral charge bearing upon
this point is in the following language: "If you find
from the evidence beyond a reasonable doubt that the de-
fendant played cards on Sunday, and that it was in this
county, and within twelve months before the commence-
ment of this prosecution, then you must find the defend-
ant guilty."   To this an exception was reserved.   The
other part of the oral charge set out in the bill of excep-
tions to relieve this, does not do so, since it is of no conse-
quence that the jury should find that the defendant
played at the game of cards testified to in the case unless
they should also find that he bet at that game, and the
fact that one of the witnesses testified that the game be-
ing played could not be played without betting on it, did
not conclude the jury in that particular.   The instruction
was erroneous.   We cannot see that it did not prejudice
the defendant, though, of course, it is to the last degree
*probable* that it did not.   The judgment must be reversed
on account of it.

The other exceptions reserved are without merit.

Reversed and remanded.